UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

               Plaintiff,         Case No. 13-20882

v.                                 Judith E. Levy
                                  United States District Judge

Muhammad Zafar,
                                  Mag. Judge David R. Grand

               Defendant.

_____/

OPINION SUPPLEMENTING
BENCH ORDER [307] GRANTING DEFENDANT'S
MOTION TO REINSTATE BOND [302]

On February 13, 2023, the Court held a hearing on Defendant's Muhammad Zafar's motion to reinstate bond (ECF No. 302) and entered a bench order granting Defendant's motion for the reasons set forth on the record. (ECF No. 307.) In addition to the reasons set forth on the record, the Court concludes that bond is appropriate for the additional reasons set forth below.

## I. Legal Standard

"Under the Bail Reform Act, 18 U.S.C. § 3142, . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition

or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (alteration in original) (quoting 18 U.S.C. § 3142(e)). "The default position of the law, therefore, is that a defendant should be released pending trial." *Id.*

> In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

2

18 U.S.C. § 3142(g). The Government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) (citing *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003)).

## II. Analysis

### A. Nature and Circumstances of the Offenses Charged

As the Government noted in its response brief, the First Superseding Indictment charges Defendant with "one count of conspiracy to commit health care fraud, pursuant to 18 U.SC. § 1349; two counts of health care fraud, pursuant to 18 U.S.C. § 1347; two counts of wire fraud, pursuant to 18 U.S.C. § 1343; one count of conspiracy to pay and receive kickbacks, pursuant to 18 U.S.C. § 371; and two counts of payment of kickbacks, pursuant to 42 U.S.C. § 1320a-7b(b)(2)(A)." (ECF No. 306, PageID.3443; *see also* ECF No. 42). At the hearing, defense counsel attempted to minimize the scope and Defendant's culpability in the alleged conspiracy. In response, the Court emphasized that the First Superseding Indictment alleges that Defendant was involved in a $7.9 million dollar fraud scheme and that Defendant was the owner of one of

3

the healthcare clinics essential to the alleged scheme. Additionally, the Court explained that while none of the charged offenses involve crimes of violence, they are among the most serious charges the Court handles. However, the Government did not present evidence that Defendant had engaged in healthcare fraud or any other criminal activity after he was indicted or while he was a fugitive.

The Court found that the first factor under § 3142(g) weighed in favor of detention. However, the Court concluded that there were conditions that would reasonably ensure the appearance of Defendant and the safety of the community. These included but were not limited to: (i) home detention; (ii) continuous GPS location monitoring, (iii) a zero tolerance for violations of bond conditions; and (iv) a prohibition on billing Medicaid, Medicare, or any other government entity or program (or causing these entities to be billed) while on bond. (ECF No. 308, PageID.3450–3451.)

### B. Weight of the Evidence Against Defendant

The second § 3142(g) factor concerns the weight of the evidence of the defendant's dangerousness or flight risk, not the weight of the evidence of the defendant's guilt. *See Stone*, 608 F.3d at 948 (citing

*United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). With respect to this factor, the Government emphasized only Defendant's prior flight while on pretrial release and his status as a fugitive while in Pakistan for over seven years. (*See* ECF No. 306, PageID.3445.) While the Court acknowledged that Defendant's prior flight could be indicative of future conduct, it did not find this evidence to be conclusive. Instead, the Court found that Defendant's decision to voluntarily return to the United States from Pakistan demonstrated by a preponderance of the evidence that Defendant did not intend to flee again. Moreover, Defendant's decision to hire an attorney and coordinate his return and arrest by law enforcement at the airport in Detroit demonstrated a clear intent to remain in the United States to resolve these charges.[1] Indeed, this is the opposite of what someone would do who is trying to evade law enforcement. Here, Defendant arrived at the airport ready to be arrested.

The Court also found that Defendant suffers from significant mental health conditions, that these conditions may not have been

---

[1] While the Government acknowledged at the hearing that there were communications regarding Defendant's return, it disputed that there had been any communication regarding a resolution, an intent to plead guilty, or a negotiated plea deal.

5

properly controlled at the time of Defendant's flight, and that they may have factored into his initial decision to flee and leave the United States. Defendant also provided evidence that he was receiving treatment for these conditions in Pakistan (*see* ECF No. 302-1, PageID.3381–3401) and asserted that his symptoms are presently under control with appropriate medication that he is willing to continue taking.

For these reasons, the Court found that the second § 3142(g) factor weighs in favor of release. However, given Defendant's previous flight, the Court concluded that substantial conditions of release were necessary to reasonably ensure the appearance of Defendant. These included but were not limited to: (i) home detention; (ii) continuous GPS location monitoring;[2] (iii) a zero tolerance for violations of bond conditions; (iv) surrendering any passport or driver's license to Pretrial Services; (v) a prohibition on obtaining additional identification documents; (vi) participation in mental health treatment as required by Pretrial

---

[2] As relevant to this factor, Pretrial Services confirmed at the hearing that the GPS location monitoring will be "active" and will notify Pretrial Services of a violation if Defendant leaves his home without authorization within approximately ten to fifteen minutes.

6

Services; and (vii) reporting as directed to Pretrial Services. (ECF No. 308, PageID.3449–3451.)

### C. History and Characteristics of Defendant

With respect to the third § 3142(g) factor, the Government pointed only to Defendant's flight from the United States while previously on bond. (*See* ECF No. 306, PageID.3446.) At the hearing the Court indicated this factor was neutral with respect to detention. However, after further consideration, the Court concludes that this factor weighs in favor of release. First, Defendant's wife, brother-in-law, and other extended family currently reside in the District, and Defendant had three family members (including his brother-in-law) present to support him at the hearing. Additionally, Defendant has no history of drug or alcohol abuse or prior criminal history. While Defendant has not resided in the District for some time and was previously a fugitive, the Court does not afford these sub-factors controlling weight in light of Defendant's decision to return voluntarily to the District. And as the Court discussed above, Defendant has presented evidence that his mental health conditions are currently under control with appropriate medication.

7

For these reasons, the Court concludes that, with respect to this factor, there are conditions of release that can ensure Defendant's appearance and the safety of the community. These include but are not limited to: (i) home detention with his wife, brother-in-law, and his family at the bond address; (ii) continuous GPS location monitoring; (iii) a zero tolerance for violations of bond conditions; (iv) participation in mental health treatment as required by Pretrial Services; and (v) a prohibition on the use of narcotics, marijuana, and other controlled substances. (*See* ECF No. 308, PageID.3450.)

### D. Nature and Seriousness of the Danger to the Community Posed by Defendant's Release

With respect to the fourth factor under § 3142(g), the Government indicated that, because of Defendant's absence for the last seven years, it was unaware of any potential danger posed to the community. (ECF No. 306, PageID.3446.) While the Government points to the seriousness of Defendant's alleged conspiracy, this is insufficient to demonstrate Defendant's dangerousness by clear and convincing evidence. *Hinton*, 113 F. App'x at 77. However, as the Court discussed above, the substantial restrictions placed on Defendant's release are sufficient to

address the seriousness of the charges against him and the potential risk he poses to the community.

## III. Conclusion

For the reasons set forth above and on the record at the hearing, the Court concludes that there is a combination of conditions that can reasonably assure the appearance of Defendant Muhammad Zafar and the safety of the community. Therefore, the Court concludes that—subject to the conditions of release set by the Court—bond is appropriate, and Defendant must be released pending trial pursuant to 18 U.S.C. § 3142.[3]

IT IS SO ORDERED.

Dated: February 14, 2023      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
    United States District Judge

---

[3] Nothing in this Opinion should be construed as amending or altering the Order setting Defendant's conditions of release. (ECF No. 308.)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 14, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
